I'm representing John Titus of Veneti, Alaska. This is an appeal which concerns the dismissal of his petition for a writ of habeas corpus. It's limited to the dismissal was predicated on the judge's finding that federal constitutional claims had not been exhausted in the state courts. The background issue here really is jury misconduct in state court leading to his conviction for sexual assault. There's a federal constitutional framework here in the background of Mr. Titus's case, which provides the basis for district court jurisdiction, which is that there was a determination by the Alaska Supreme Court that the injection of a firearm into a defendant's body was not a crime. And so the fact that a federal constitutional claim about a case or about a defendant can constitute that kind of extrinsic prejudicial information, which violates a defendant's right to confrontation. Let me understand how this developed in the state court. Apparently, this constitutional issue is a federal issue, was never raised in state court. And further, could he have raised this on direct appeal? Now, I think Alaska has a rule if you could have raised it on direct appeal, you should, and you're not going to be able to raise it. Absolutely true. Well, we have two rounds of appellate proceedings. The first, when I talk about the federal constitutional framework here, I'm talking about the discussion in the Alaska Supreme Court decision, which is at 963p2, 258, and 262, which talks about the predicate for its holding. And it cites to both federal and state constitutional guarantees to the right to a fair and the right to confrontation and or, I should say, a jury made of its peers, and the right to confrontation. And it specifically alludes to the constitutional right to confrontation, and it specifically references both state and federal case law discussing those rights. And it's my argument, Judge Fletcher, that that being the constitutional framework, what occurred next was that there was a remand to the trial court. In the trial court, the trial court was to determine the facts as to whether, in fact, such knowledge had been injected. That's essentially what was presented to the trial court. It is the trial court's determination as to these facts, which is the basis for Mr. Titus's application to the Federal District Court. Because, basically, within the correctly identified Federal constitutional framework and principle, it's his argument that there was an unreasonable determination of the facts. And that's the argument for Federal jurisdiction here, just quite simply. It — How did he present, though, a Federal issue to the State court? My impression was he presented these things as questions of State law. Well, certainly, certainly the issue, the issue that is identified in all of the appellate briefings is basically whether or not the defendant is barred by the evidentiary rule, by the Alaska evidentiary rule, from bringing to light the jury's what the jurors would say about what happened in deliberations. That's a — the rule prohibits inquiry into those deliberations. Right. And so it was the interpretation of that rule that was specifically briefed. If that's what's raised, then I'm not sure that can open the door for Federal review of a — of the Federal issue. I think the — I had a case that I wrote, I must say, that was — I think it was called Baldwin v. Reese when we wrote our opinion, and the Supreme Court granted cert and reversed it. Maybe it's then Reese v. Baldwin. But, you know, they just said something that sounded logical wasn't enough, that the Federal issue had to be very explicitly presented in the papers to the State Supreme Court. Of course, I'm familiar with that litigation, Judge Gould, and I guess my response, how I distinguish that, is that here you had the Alaska Supreme Court actually defining what the constitutional basis was for the decision. It may not have been argued, it may not have been briefed by the parties, but it was the premise for the Alaska Supreme Court's decision that such an inquiry had to be And so my — even though the appellant did not frame it as such, that's how it was decided. So it can't be said that the State Supreme Court wasn't aware of the constitutional tenant involved, which was essentially the defendant's right to confrontation under the Federal Constitution. Ginsburg. So your position is that both this was presented in the — or decided in the direct appeal, whether presented by the defendant or not, and that the Federal issue is clear? And that what? I'm sorry. And that the Federal issue was clear. Yes. Yes. Because the State Supreme Court itself embraced it, identified it as a Federal issue, and that what happened during the remand and the next round of appeal was strictly related to the determination of facts. And that's — that is my argument, pretty much the entirety of it, for why it is that we do already have a Federal constitutional basis for Mr. Titus's argument that the facts were unreasonably determined. Thank you. I don't have anything else. Okay.  May it please the Court. My name is Ken Rosenstein. I represent the appellee, Mr. Turnbull, and the State of Alaska. Writing about the difficulty of asserting a constitutional claim, a Federal constitutional claim, Judge Kleinfeld observed last week in Galvin v. Alaska  that asserting a case is not like writing a poem where the message may be conveyed entirely through allusion and connotations. A defendant who claims a violation of a Federal constitutional right simply has to say so at each level in the State court system. Now, if, in fact, the Supreme Court of Alaska saw this as a Federal constitutional issue, isn't that enough? Well, Judge Fletcher, the Alaska Supreme Court really didn't see this as a Federal constitutional issue. What the Alaska Supreme Court did in its opinion is interpret Alaska's evidence rule 606B. And since that rule is based on Federal evidence rule 606B, they naturally looked at Federal court interpretations of the Federal rule. And when they are – when the Alaska Supreme Court was referring to Federal constitutional rights, they were simply explaining why the – the reason for the exceptions, the two exceptions in evidence rule 606B. They were not deciding that Mr. Titus had raised a Federal constitutional claim or – they simply weren't doing that. I mean, the only issue in that case is the interpretation of Alaska evidence rule 606B and whether the Alaska court of appeals had too narrowly construed that – that rule. At no point in this litigation – in the litigation in the State courts has Mr. I guess you're – as I understand it, you're saying the State Supreme Court in its ruling was interpreting Alaska rule 606B, and that interpretation of the State rule maybe was informed by Federal law and, you know, Federal law might be influenced by the Constitution, but they had – they didn't say they were applying a Federal constitutional right. Exactly. That is precisely correct. The burden of exhausting a Federal constitutional claim or the burden of raising a Federal constitutional claim in State court is – is not onerous, and that – that Mr. Titus has failed to satisfy this – this small burden is revealed in his petition for hearing to the – filed in the Alaska Supreme Court following the remand, where he claimed only that the trial court's factual determinations were clearly erroneous. Now, Ms. Geddes argues that – that what is really at issue here is an – that those – that those factual determinations made by the trial court on remand and reasonable factual determinations, but that really puts the cart before the horse because, again, at no point has Mr. Titus in any of the long course of this – this case raised a Federal claim. If your position is correct, let's assume that there was a good Federal claim that should have been raised on direct appeal. He apparently would have an incompetence of counsel claim. Is it too late for him to raise that somewhere? I – I can't – I'm not sure. I – I don't know if the limitations have run out on his ability to file a State post-conviction relief. If you have two procedures in Alaska, habeas and post-conviction, tell me the difference between those. The State – are you asking about the State habeas? This is just to educate me. The State habeas procedure in Alaska is really nonexistent. I believe either there's a statute or a court rule or a decision that says that any action filed under the rule authorizing State habeas is to be treated as a State post-conviction relief application under our criminal rule 35.1. And is your post-conviction relief similar to habeas? Yes. Yes. So they're just trying to put it into one – one box. It may be – you may deem it somewhat more limited because you can't in a post-conviction relief action raise a claim that could have been asserted in direct appeal. Right. So in a – in a Federal habeas action, you just can – any Federal constitutional claim can be raised, whether or not it was raised in the State courts. I believe, unless the Court has some further questions, I will simply ask that you affirm the denial or the dismissal of Mr. Titus's habeas petition. Thank you. Okay. Any questions? No. Thank you. Ms. Geddes. Your Honor, I know that Mr. Titus would like me to say why it – something about why it is he should be permitted to argue in Federal district court as to the unreasonable determination of the facts within that Federal constitutional framework that I described. During the first go-around in the State superior court, the judge – the State trial judge made a finding that the trial in the case, which was strictly a credibility contest between the complainant and Mr. Titus, the trial in the case contained no information about the consumption of alcohol or Mr. Titus's character when intoxicated, but in deliberations, and this is a quote from the judge's initial finding, in deliberations the jury was exposed to information from members of the jury that Mr. Titus was drinking during the time of the alleged rape and that he was a different man when drinking, one whom some members of the jury would fear would sexually assault them. But, counsel, I guess I'm more concerned about the argument that really the Supreme Court was only interpreting the State evidentiary rule and really wasn't looking at it as a Federal constitutional problem. Yes, Your Honor. And I guess to revisit that, and I don't mean to repeat myself, but basically my interpretation of the Supreme Court decision, and that's going to be the basis of your decision, Mr. Titus's exhaustion issue is going to rise, stand, or fall on the basis of the language of that decision, I think it has to be read to be talking about why Mr. Titus's, essentially, why Mr. Titus's claim has to be viewed as Federal constitutional or State constitutional in nature, both of those things, because his right to confrontation cannot be trumped or barred by the operation of a State evidentiary rule. So that is, I think, how they redefined the argument, wasn't that it was basically unreasonable. They talked about the constitutional imperative in reaching their decision. And that's the premise for our exhaustion argument. Thank you. Unless there are any further questions. Thank you. I have no questions. Thank you very much. Okay, Titus, the term goal is submitted.
judges: B. Fletcher, Gould, King